UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIANA KUPFERER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22-cv-00621-AGF |
| ) | |
| LM INSURANCE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion to compel Defendant's answers to its interrogatory Request 14. (Doc. No. 23). Defendant has filed a response in objection to the motion. (Doc. No. 24). For the reasons outlined below, the Court will grant the motion.

**Background**

Plaintiff first filed suit against Defendant on May 5, 2022 in the Circuit Court of St. Louis County, Missouri. (Doc. No. 1). Defendant timely removed the case to this Court on June 10, 2022. (Doc. No. 1). In her amended petition, Plaintiff alleges that Defendant breached its insurance contract with her and vexatiously denied her claims when it rejected her claim for underinsured motorist insurance coverage. (Doc. No. 10).

On August 24, 2022, Plaintiff served Requests for Production on Defendant. (Doc. No. 23, at 1). Request for Production Number 14 asked Defendant to produce all "training documents in effect on the date(s) you handled the claim at issue in this action

1

pertaining to the handling of underinsured motorist claims." *Id*. at 2. Defendant and Plaintiff agreed to a thirty-day extension for the production, bringing the deadline to September 15, 2022. The parties then agreed to an additional extension, up to October 25, 2022. *Id*. at 1. Though Defendant requested a further extension until October 31, 2022, so that counsel could discuss the request with his client, Plaintiff agreed only to extend the deadline for responses until October 31, 2023. She did not agree to extend the deadline for objections. *Id*.

On October 25, 2022, Defendant responded to Plaintiff's Request 14 as follows:

RESPONSE: Objection. Defendant objects to this request because it requests the production of information that is confidential, proprietary and contains trade secrets. Defendant will produce the documents with an agreed protective order.

(Doc. No. 23-2, at 5). Defendant filed an unopposed motion for a protective order, which the Court granted, on November 14, 2022. (Doc. No. 21). However, on October 31, 2022, Defendant served Plaintiff with an additional response to its Request 14, which stated:

RESPONSE: Objection. Defendant objects to this request because it requests the production of information that is confidential and proprietary trade secrets. Defendant also objects because the request seeks information that is not relevant to the plaintiff's claims or defendant's defenses, therefore the plaintiff's need for this information is not in proportion to the needs of this case.

(Doc. No. 23 at 2).

Plaintiff argues that Defendant must produce the training documents she requested pursuant to Defendant's first objection, as Defendant has waived the right to object on the basis of relevance. (Doc. No. 24, at 2). In the alternative, Plaintiff contends that the training documents are relevant to this case because Defendant uses the polices and

2

manuals to guide employees in processing insurance claims. *Id.*, at 3. Plaintiff also asserts that the materials are relevant to determining whether Defendant complied with its own policies, a matter important to Plaintiff's claim for vexatious denial. *Id.*

Defendant responds that it informed Plaintiff's counsel that it had not yet reviewed the responses with its client on October 25. (Doc. No. 24). As Defendant provided a timely objection, Defendant suggests that its later amendment to its objection was not waived. *Id*. at 2. Defendant also notes that it has already agreed to provide Plaintiff with claims documents pursuant to a protective order. *Id*. It argues that the request for training documents is overbroad and irrelevant to this case, as there are no allegations that it failed to properly train its employees. *Id*.

**Legal Standards**

Under Rule 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* After the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing that its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. *Bell v. Lombardi*, 4:14-CV-0027 CEJ, 2015 WL 402084, at *1 (E.D. Mo. Jan. 28, 2015). Bare assertions that the discovery requested is overly broad, unduly burdensome, oppressive, or irrelevant are ordinarily insufficient to bar production. *Id.*

**Analysis**

Untimely amendments to an objection to a request for production or interrogatory are disfavored without leave of the Court. *See Bollard v. Volkswagen of America, Inc.*, 56 F.RD. 569, 574 (W.D. Mo. 1971). Federal Rule of Civil Procedure 34(b)(2)(B) requires that a party objecting to a request for production state the grounds for so objecting with specificity, including the reasons for the objection. Rule 34(b)(2)(B) does not explicitly state that untimely objections result in the waiver of those objections. *See Nwinee v. St. Louis Developmental Disabilities Treatment Centers*, Case No. 4:18 CV 1460 (JMB), 2019 WL 2569927, at *2 (E.D. Mo. Jun. 21, 2019) (internal citations omitted). Nevertheless, courts "uniformly conclude that an objection [to a request for production] may be waived if it is not timely raised and good cause for the delay is not shown." *Id.* (quoting *Parshall v. Menard, Inc.*, No. 4:16-CV-828 (CEJ), 2016 WL 7188125, at *1 (E.D. Mo. Dec. 12, 2016)) (further internal citations omitted).

Defendant does not offer good cause for the failure to timely raise its objection to Request 14 on the basis of relevance. The Court therefore finds that the objection is waived. However, even if the objection were not waived, the Court holds that the documents Plaintiff requests are relevant and that the request is not overbroad. When a request for production seeks a defendant insurance company's training materials, the request is not overbroad to the extent that the plaintiff seeks documents pertaining to the claim at issue. *See Olga Despotis Trust v. The Cincinnati Ins. Co.*, No. 4:12CV02369 AGF, 2014 WL 129670, at *2 (E.D. Mo. Jan. 14, 2014); *see also Mills v. Liberty Mutual Ins. Co.*, Case No. 4:16-cv-00571-JAR, 2017 WL 1497904, at *2 (E.D. Mo. Apr. 24,

2017) (citing Fed. R. Civ. P. 26(b)(1)).  Here, Request 14 extends only to those training documents pertaining to the handling of underinsured motorist claims in effect when Defendant handled Plaintiff's claim.  The request is therefore narrowly tailored to include only relevant training documents.  As such, the request is not overbroad and it requests relevant material.  The Court will therefore grant the motion to compel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel is **GRANTED**. (Doc. No. 23).

**IT IS FURTHER ORDERED** that Defendant shall produce the documents requested within fourteen (14) days of the date of this Order.  Such production may be pursuant to the parties' agreed protective order, as applicable.

Dated this 8th day of May, 2023.

                                                      */s/ Audrey G. Fleissig*
                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE